UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
x------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| 36th Street Property, Inc., | Case No. |
| Debtor. | |

x------------------------------------------------

x------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| HR442 Corp., | Case No. |
| Debtor. | |

x------------------------------------------------

## DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

AE Sook Choi declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am currently the President for 36th Street Property, Inc. ("36th Street") and HR442 Corp. ("HR442" and together with 36th Street, the "Debtors"). As such, I am familiar with the operations, business and financial affairs of each Debtor.

2. In accordance with the Local Rules, I am submitting this Declaration, to the best of my knowledge, pursuant to Local Rule 1007-4 to assist the Court, creditors and other parties-in-interest in understanding the circumstances necessitating the filing of the Chapter 11 petition, the Debtor's debt and capital structure, and the Debtors' plans to emerge from Bankruptcy.

### Events Lead-Up to the Chapter 11 Filing

3. 36th Street is the owner of certain commercial real property located at 442 West 36th Street, New York, New York 10018 (the "Property"). The Property consists of a 15-story, 56-room hotel (the "Hotel"). HR 442 is the operator of the Hotel. The Debtors have an office at

47-29 Bell Blvd, Bayside, NY 11361.

4. On or around September 3, 2019, Ladder Capital Finance LLC (the "Original Lender") made a loan to the Debtors in the original principal amount of $14,200,000.00 (the "Loan"). The Loan was secured by a senior lien on the Property. Through a series of transfers, the Original Lender purports to have transferred the Loan to Wilmington Trust, National Association ("Trustee"), As Trustee For The Benefit of the Registered Holders of UBS Commercial Mortgage Trust 2019-C17, Commercial Mortgage Pass-Through Certificates Series 2019-C17 (the "Trust").

5. Defendants have successfully operated the Hotel since the Hotel's grand opening in late 2016. However, as with nearly all New York City-based hospitality providers, the Hotel's revenues were severely diminished by the decline in tourism coupled with the restrictions placed on gathering spaces.

6. In or around May, 2020, the Debtors fell behind in debt service. On or around September 2020, in response to the COVID-19 pandemic, management temporarily closed the Hotel furloughing all staff other than those essential to maintaining and securing the Hotel (the "Covid Closure").

7. Given the Debtors' struggle to manage its debt service in light of its closure, the Debtor entered into negotiations with the Trust to either work out or modify its obligations in order to ensure that upon reopening, the Debtors would be in the best position to satisfy their obligations. While the Debtors believed that they had made significant progress in these discussions, going so far as to reopen the property in December 2021, the Trust seemed to have a different aim. On or around January 11, 2022, the Trust commenced a foreclosure case before the United States District Court for the Southern District of New York. On or around March 10, 2022, the District Court entered an order appointing a receiver over the property.

8.  The Debtors believe that there is significant equity in the Property if it can be marketed and sold as a going concern, and the Debtors recognize that they will not be able to unlock that potential to the benefit of all interested parties if the Trust is able to proceed with a fire sale of the Property.

9.  The Debtors will attempt in good faith to work with the Trust on a reasonable stipulation providing for the use of cash collateral to effect a consensual plan of reorganization in this case.

### Exit Strategy

10.  The goal of the Chapter 11 case is to pursue either (i) a restructuring with the support of its unsecured creditors that will effect either a refinancing of the Loan, or a modification of the Loan in such a way as to ensure the Property remains viable while providing the Trust with a loan that will perform, or, in the alternative, (ii) a robust sale and marketing process for the Property based on a traditional set of bidding procedures and an auction. The restructuring or sale of the Property will be conducted in conjunction with the filing of a plan of reorganization and disclosure statement.

### Local Rule 1007-4 Disclosures

11.  Pursuant to Rule 1007-4(a)(ii), 36th Street is a single asset real estate debtor.

12.  Pursuant to Rule 1007-4(a)(v), no committee has been formed prior to the commencement of these cases.

13.  Pursuant to Rule 1007-4(a)(vi) of the local bankruptcy rules a list containing the names and addresses of each Debtor's twenty (20) largest unsecured creditors, excluding insiders was filed on the docket.

14.  Pursuant to Rule 1007-4(a)(vii) of the local bankruptcy rules, is a list containing

the names and addresses of each Debtor's five (5) largest secured claims was filed on the docket of the case.

15. Pursuant to Rule 1007-2(a)(viii), (xi), and (xii) of the local bankruptcy rules, 36th Street's sole asset is the Property. HR 442's asset is the income stream from the hotel operations. Each Debtor's books and records are located at 47-29 Bell Blvd, Bayside, NY 11361.

16. Pursuant to Rule 1007-2(a)(ix) of the local bankruptcy rules, neither Debtor has any publicly held shares, debentures, or other securities.

17. Pursuant to Rule 1007-2(a)(xiii), a description of the foreclosure action was set forth above.

18. HR442 presently employs eight (8) persons.

19. HR 442 expects to receive revenue from operations of the business in the amount of approximately $110,000 for the thirty (30) day period following the Chapter 11 filing. The Debtors' operating expenses during the same thirty (30) day period should be approximately $80,000.

Dated:  New York, New York

March 21, 2021

By: _____

Ae Sook Choi